**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| SOUTHERN BAKERIES, LLC, and<br>HARLAN BAKERIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>EAST BAKING COMPANY, INC., and<br>HOPE BAKING COMPANY, INC.,<br><br>Defendants. | Jury Trial Demanded |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Southern Bakeries, LLC ("Southern Bakeries") and Harlan Bakeries, LLC ("Harlan Bakeries") (together the "Plaintiffs"), by counsel, for their *Complaint and Demand for Jury Trial* ("Complaint") against defendants, East Baking Company, Inc. ("East Baking") and Hope Baking Company, Inc. ("Hope Baking") (together the "Defendants") (Plaintiffs and Defendants are collectively the "Parties"), state as follows:

1. This is a breach of contract case involving the Defendants' breach of an Asset Purchase Agreement (together with any amendments, the "APA") and related agreements between the Parties. A true and accurate copy of the APA is attached as Exhibit A.

## I. PARTIES, JURISDICTION, AND VENUE

2. Southern Bakeries is an Indiana limited liability company with its principal office address located at 7597 East U.S. Highway 36, Avon, Indiana 46123. Southern Bakeries is a wholly owned subsidiary of Harlan Bakeries.

3. Harlan Bakeries is an Indiana limited liability company with its principal office address located at 7597 East U.S. Highway 36, Avon, Indiana 46123. Harlan Bakeries' members are all citizens of the state of Indiana.

4. East Baking is a Massachusetts corporation with its corporate headquarters located at 104 Whiting Farms Rd., Holyoke, Massachusetts 01040.

5. Hope Baking is an Arkansas corporation with its corporate headquarters located at 2700 E. 3rd Street, Hope, Arkansas, 71801.

6. Upon information and belief, Hope Baking is a wholly owned subsidiary of East Baking.

7. This Court has personal jurisdiction over Hope Baking pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and Ark. Code § 16-4-101(B), as Hope Baking is a citizen of the state of Arkansas and is located in this district.

8. East Baking has purposefully availed itself of minimum contacts with Arkansas through its execution of the APA, as the assets identified in the APA are in Arkansas, including certain Business Assets[1] located at 2700 E. 3rd Street, Hope, Arkansas, 71801.

9. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C § 1332 (a)(1) because (1) there is complete diversity of citizenship between the Plaintiffs and Defendants, as Harlan Bakeries' and Southern Bakeries' members are citizens of the state of Indiana, while Defendants East Baking and Hope Baking are citizens of the states of Massachusetts and Arkansas, respectively; and (2) the amount in controversy exceeds the sum or value of $75,000.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

---

[1] Capitalized terms used but not defined herein have the same meaning given to them in the APA.

## II. FACTUAL BACKGROUND

### A. The APA and Accompanying Agreements

11. From approximately 2005 through March 24, 2023, Southern Bakeries owned and operated a commercial baking facility located at 2700 E. 3rd Street in Hope, Arkansas ("Arkansas Facility").

12. In the fall of 2022, Harlan Bakeries and East Baking began negotiating a transaction for the sale of the Business operated at the Arkansas Facility. It was contemplated that East Baking would purchase substantially all of Southern Bakeries' assets (minus certain specifically excluded assets) and form a new subsidiary Arkansas corporation (Hope Baking) through which it would operate the Arkansas Facility.

13. On or about January 1, 2023, East Baking assumed management of operations at the Arkansas Facility.

14. On or about January 16, 2023, the Plaintiffs and East Baking entered into the APA.

15. On or about January 27, 2023, the Parties executed a Joinder and Amendment to Asset Purchase Agreement ("First Amendment"), through which Hope Baking was formally added as a party to the APA. A true and accurate copy of the First Amendment is attached as Exhibit B.

16. On or about March 29, 2023, the Parties executed a Second Amendment to Asset Purchase Agreement ("Second Amendment"), wherein Hope Baking assumed all the obligations of East Baking as set forth in the APA. The purchase of the Business Assets was consummated on or about such date (the "Closing"). A true and accurate copy of the Second Amendment is attached as Exhibit C.

17. At the Closing and pursuant to the APA, Hope Baking executed and delivered to Southern Bakeries a certain Promissory Note (the "Note") in the principal amount of $1.5 million

with a scheduled maturity date of March 31, 2025, and a certain Security Agreement granting a security interest in all of Hope Baking's assets to secure payment of the Note and any other indebtedness or obligations then or thereafter incurred by Hope Baking to Southern Bakeries (the "Security Agreement"). True and accurate copies of the Note and the Security Agreement are attached as Exhibit D and Exhibit E, respectively.

18. At the Closing and pursuant to the APA, East Baking executed and delivered to Southern Bakeries the Guaranty, pursuant to which East Baking guaranteed to Southern Bakeries the payment and performance by Hope Baking of the liabilities arising under the Note. A copy of the Guaranty is attached hereto as Exhibit F.

19. Pursuant to Section 2(c) of the Note, Hope Baking agreed that its breach of "any covenant set forth in the APA or the Security Agreement," unless timely cured, would constitute an Event of Default, thereby accelerating payment of the amount due under the Note and permitting Southern Bakeries to recover attorneys' fees incurred in connection with any unpaid amounts due.

20. Pursuant to Section 6.2 of the APA (including as amended by Section 1.03(g) of the Second Amendment), both Hope Baking and East Baking agreed to "reimburse, indemnify and hold harmless" Southern Bakeries and Harlan Bakeries for any losses due to any failure by Hope Baking to comply with the covenants in the APA or arising from events or matters occurring after the Effective Time (i.e., 11:59 P.M. on March 24, 2023) in connection with Hope Baking's operation of the Business or otherwise.

21. Pursuant to Section 1.03 of the Second Amendment (amending Section 1.2.5 of the APA), Hope Baking agreed to pay Southern Bakeries for inventory purchased or produced by Southern Bakeries on behalf of Hope Baking.

22. Specifically, Southern Bakeries agreed—for a period of at least six months after the Initial Closing—to "permit [Hope Baking] to utilize other inventory (consisting generally of bags, labels, boxes and other packaging, and ingredients) (the "Other Inventory") in its operations with the understanding that [Hope Baking] [would] pay for same on a monthly basis." (Ex. C, *3, § 1.2.5).

23. To ensure Southern Bakeries received payment for the Other Inventory, Hope Baking agreed to "perform an inventory on a monthly basis in a manner customary to the way in which [Southern Bakeries had] performed monthly inventory counts," and to provide a written report itemizing the Other Inventory utilized by Hope Baking no later than ten (10) days after the end of each month following Closing. (Ex.C, *3, § 1.2.5).

24. As to Finished Goods which were included within Inventory retained by Southern Bakeries, Southern Bakeries was given the right in the APA to continue to sell such Finished Goods to customers of the Business, and "the accounts receivables associated with any such sales will belong to [Southern Bakeries]." (Ex C, *3, § 1.2.5).

25. Further, Hope Baking agreed to pay Southern Bakeries for any Finished Goods produced by Southern Bakeries but sold to East Baking after the Initial Closing. (Ex C, *3, § 1.2.5).

26. At the Closing and pursuant to the APA, Hope Baking and Southern Bakeries entered into a certain Lease Agreement dated as of March 29, 2023 (the "Lease"), pursuant to which Hope Baking agreed to lease from Southern Bakeries the Arkansas Facility. A true and accurate copy of the Lease is attached hereto as Exhibit G.

**B. The Defendants' Breaches of the APA and Accompanying Agreements**

27. As referenced above, following the Parties' execution of the Second Amendment, Hope Baking was obligated to provide a monthly inventory report ("Inventory Report") to

Southern Bakeries itemizing the Other Inventory it used during the previous month, and to pay Southern Bakeries for its use of the Other Inventory.

28. Inventory Reports were due from Hope Baking to Southern Bakeries on a monthly basis within ten (10) days after month end along with payment.

29. Hope Baking failed to make the required monthly payments to Southern Bakeries, on time or in the required amounts with respect to the Other Inventory.

30. In September of 2023, representatives of Southern Bakeries traveled to the Arkansas Facility and conducted an inventory with Hope Baking personnel present, during which Southern Bakeries confirmed the quantities of Other Inventory Hope Baking used from March 25, 2023, through September 2023. At that time, representatives of Hope Baking agreed with such quantities.

31. Hope Baking did not pay Southern Bakeries for certain Other Inventory it used from March 25, 2023, through September 2023, an amount totaling not less than $2,244,814.91. A spreadsheet reflecting the amounts Hope Baking owes to Southern Bakeries for its use of Other Inventory through September 2023 is attached as Exhibit H. It is also likely that Hope Baking used Other Inventory which has not been accounted for since September 2023 and for which Hope Baking owes additional sums to Southern Bakeries.

32. The APA also provided that Southern Bakeries retained the right to sell Finished Goods to customers of the Business after the Closing. However, at least in part because Hope Baking took steps to transition customers of the Business from Southern Bakeries to Hope Baking both while East Baking and Hope Baking were operating the Arkansas Facility before the Closing, as well as after the Closing, some of those customers paid Hope Baking instead of Southern Bakeries for Finished Goods sold by Southern Bakeries to such customers.

33. Similarly, Southern Bakeries has received amounts from customers of Hope Baking on account of sales of products made by Hope Baking after the Closing which Hope Baking would otherwise be entitled to receive.

34. After the Closing when this issue with the payments became known to Southern Bakeries, Southern Bakeries tried repeatedly to have Hope Baking reconcile (and then pay) the amounts Hope Baking owed to Southern Bakeries for payments on Southern Bakeries' accounts receivable which Hope Baking received that exceeded the amounts Southern Bakeries received which were attributable to Hope Baking's sales.

35. As of the filing of this Complaint, the amount owed to Southern Bakeries by Hope Baking on account of Hope Baking having received more money on Southern Bakeries' sales than Southern Bakeries has received on Hope Baking's sales is $216,428.74, as reflected in Exhibit I.

36. Hope Baking owes Southern Bakeries additional amounts which are reflected on Exhibit I, including sums attributable to the following: (i) a vendor check which should have been paid to Southern Bakeries but Hope Baking cashed instead ($46,618.80); (ii) miscellaneous expenses Southern Bakeries incurred on Hope Baking's behalf, including transition services expenses relating to providing access to Southern Bakeries' IT/warehouse/accounting network and services of personnel relating to same as contemplated by Section 1.02 of the Second Amendment ($73,590.66) (as of the date of the Complaint); and (iii) a purchase price variance adjustment pursuant to the Second Amendment ($48,742.89).

37. Hope Baking produced products for its own customers in early 2023 while it was operating the bakery but before closing on the APA. Hope Baking owes Southern Bakeries $244,690.35 for it's use of Southern Bakeries' personnel, production line, and ingredients during this time period as the products were destroyed and never sold.

38. Hope Baking never paid Southern Bakeries for the Finished Goods produced by Southern Bakeries but sold to East Baking or potentially third parties, in an amount totaling not less than $26,262.39. A spreadsheet showing Southern Bakeries' Finished Goods Inventory Reconciliation as to this item as of September 29, 2023, is attached as Exhibit J.

39. Additionally, Plaintiffs expended time and effort in repairing certain silos located at the Arkansas Facility, as contemplated by Section 1.2.2 of the APA. Such repairs resulted in a $750,000 increase in the principal amount which Hope Baking owes to Southern Bakeries under the Note in accordance with such Section 1.2.2, the result of which is that the principal amount of the Note is now $2,250,000 (the "Principal Amount").

40. Pursuant to Section 1(a) of the Note, Hope Baking was obligated to pay Southern Bakeries monthly payments of interest on the last day of each month and also the entire outstanding Principal Amount in full, plus any then accrued interest, on or before March 31, 2025.

41. Hope Baking did not pay Southern Bakeries the Principal Amount on or before March 31, 2025. Hope Baking also has not made the monthly payments of interest due under the Note for all of 2026, such that as of September 8, 2026, the additional amount owed for interest on the Note was $79,221.93.

42. Pursuant to Section 2(a) of the Note, Hope Baking's failure to pay Southern Bakeries such monthly payments of interest and the Principal Amount on or before March 31, 2025, constitute Events of Default under the Note.

43. Pursuant to Section 1 of the Guaranty, Hope Baking's breach of the Note triggers East Baking's unconditional obligation to fully and promptly pay all of Hope Baking's outstanding Liabilities under the Note "in the same manner as if they constituted the direct and primary obligation of [East Baking]."

44. Plaintiffs are entitled to recover their reasonable attorneys' fees associated with this action pursuant to the indemnity provisions of the APA – namely, Section 6.2 thereof and Ark. Code Ann. § 16-22-308.

45. Hope Baking occupied the Arkansas Facility pursuant to the Lease until the end of July, 2026. Hope Baking failed to pay rent for the last seven (7) months of its occupancy of the Arkansas Facility, with the total amount owed as to such rent equal to $143,500.

46. Pursuant to the Lease, Hope Baking was obligated to pay certain property taxes attributable to the Arkansas Facility which it has failed to pay. As of September 8, 2026, the unpaid property taxes amount to $259,951.14.

47. As of the date of the filing of this Complaint, the total amount of reasonably foreseeable damages incurred by Plaintiffs as a proximate result of the Defendants breach of the APA, Note, Guaranty, Security Agreement and Lease is $5,230,370.67, as itemized on Exhibit I.

48. Prior to filing this action, Plaintiffs' counsel notified Defendants' counsel of the facts and claims set forth in this Complaint, but as of the date of this filing, Defendants have failed to cure or remedy their numerous breaches of the APA and Note.

## III. CAUSES OF ACTION

### Count 1
### Breach of the APA, Note, Guaranty, and Security Agreement by Defendants
### Joint and Several Liability

49. Plaintiffs incorporate paragraphs 1-48 of this Complaint as if fully set forth herein.

50. The APA as amended, the Note, Guaranty, and Security Agreement are valid, binding agreements between the Parties.

51. Plaintiffs substantially performed all of their obligations under the APA, Note, Guaranty, and Security Agreement.

52. Hope Baking and East Baking materially breached the APA, Guaranty, Note, and Security Agreement by failing to make payments due to Southern Bakeries thereunder as set forth above and otherwise failing to perform certain covenants set forth in the APA.

53. As a result of Defendants' breach, Southern Bakeries incurred damages that were reasonably foreseeable.

54. Pursuant to Section 6.2 of the APA, Defendants agreed to jointly and severally reimburse, indemnify, and hold harmless Plaintiffs against and in respect of any and all Losses incurred or suffered by Plaintiffs which were reasonably foreseeable as a result of any failure by Hope Baking to comply with any covenant of the APA, Note, Guaranty, and Security Agreement.

55. Defendants further agreed to reimburse, indemnify, and hold harmless Plaintiffs against and in respect of any and all reasonable legal fees and expenses incident to the enforcement of the APA, Note, Guaranty, and Security Agreement.

WHEREFORE Plaintiffs, Harlan Bakeries, LLC and Southern Bakeries, LLC, respectfully request this Court enter judgment on Count 1 in their favor and against Defendants, Hope Baking Company, Inc., and East Baking Company, Inc., jointly and severally, for an amount to be proven at trial but not less than $5,230,370.67, together with their reasonable legal fees and expenses, and for all other proper relief.

**Count 2**
**Breach of the Lease by Hope Baking**

56. Plaintiffs incorporate Paragraphs 1-55 of this Complaint as if fully set forth herein.

57. The Lease is a valid, binding agreement between Southern Bakeries and Hope Baking.

58. Southern Bakeries substantially performed all of its obligations under the Lease.

59. Hope Baking materially breached the Lease by failing to make payments of rent to Southern Baking and failing to pay property taxes, as stated above.

60. As a result of Hope Baking's breaches of the Lease, Southern Bakeries has incurred damages.

61. Pursuant to Section 12 of the Lease, Hope Baking is liable to Southern Bakeries for unpaid rent and property taxes, as well as reasonable attorneys' fees incurred by Southern Bakeries.

WHEREFORE Plaintiff Southern Bakeries, LLC, respectfully requests this Court enter judgment on Count 4 in its favor and against Defendant Hope Baking Company, Inc. for an amount to be proven at trial but not less than $403,451.14, together with its reasonable legal fees and expenses, and for all other proper relief.

**Count 3**
**Replevin of Collateral**

62. Plaintiffs incorporate Paragraphs 1-61 of this Complaint as if fully set forth herein.

63. Southern Bakeries possesses a first priority security interest in all of Hope Baking's assets ("Assets"), securing both the Note and any and all other indebtedness or obligations owed by Hope Baking to Southern Bakeries. (Ex. E, §1.01).

64. Southern Bakeries perfected its security interest in the Assets by filing a UCC Financing Statement, a true and accurate copy of which is attached as Exhibit K. The interest of Southern Bakeries in the Assets is prior and superior to the interest of the Defendants. The Security Agreement provides that in the event of a default, Southern Bakeries has all the rights and remedies permitted under the UCC with respect to the security interest in the Collateral, which includes the Southern Bakeries' right to take possession of the collateral and demand that Defendants deliver possession of the Assets to Southern Bakeries. To the extent the Assets have not been delivered to Southern Bakeries or Southern Bakeries has not otherwise taken possession of the Assets, the

Defendants wrongfully possess the Assets. Southern Bakeries has not consented to the continued possession of the Assets by the Defendants.

65. Southern Bakeries is entitled to immediate possession of the Assets so that they can be sold or otherwise disposed of in accordance with the Security Agreement and Uniform Commercial Code and the proceeds applied to the debt owed.

66. The Assets have an unknown estimated value, but Plaintiffs reasonably believe that the value of the Assets is less than the amount due under the Note and APA.

WHEREFORE, Plaintiffs, Harlan Bakeries, LLC and Southern Bakeries, LLC, respectfully request this Court enter judgment on in their favor and against Defendants finding that Southern Bakeries' holds a valid, first priority security interest in the Assets that is superior to any claim of interest of the Defendants and is entitled to an order for delivery for the Assets, pursuant to which Plaintiffs have the right to possession of any Assets not already in Plaintiff's possession for disposition by Plaintiffs in accordance with applicable law and the Security Agreement; and an order granting Plaintiffs all other just and proper relief.

**JURY DEMAND**

Plaintiffs demand a trial on all issues so triable.

Dated: October 2, 2026

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: ccoleman@wlj.com

By *_/s/ Charles T. Coleman_*
Charles T. Coleman (80030)

-AND-

Paul D. Vink*
Attorney No. 23785-32
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
pvink@boselaw.com
jbaertschi@boselaw.com

**Pro Hac Vice* forthcoming

*Attorneys for Plaintiffs, Harlan Bakeries, LLC and Southern Bakeries, LLC*